NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JASON BLANCHARD,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant - Appellee.

No. 24-4359

D.C. No.
2:23-cv-01100-SKV

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
S. Kate Vaughan, Magistrate Judge, Presiding

Submitted September 18, 2025**
Seattle, Washington

Before: GOULD and DE ALBA, Circuit Judges, and PITMAN, District Judge.***

Appellant Jason Blanchard ("Blanchard") seeks review of the district court's

order and judgment affirming the Commissioner of Social Security's

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert Pitman, United States District Judge for the Western District of Texas, sitting by designation.

("Commissioner") denial of Blanchard's application for disability benefits. We have jurisdiction under 28 U.S.C. § 1291. As the parties are familiar with the facts, we do not recount them here. We affirm.

We review *de novo* a district court's order upholding the Commissioner's denial of benefits and reverse only if the Administrative Law Judge's ("ALJ") decision is not supported by substantial evidence or if the ALJ applied the wrong legal standard. *Stiffler v. O'Malley*, 102 F.4th 1102, 1106 (9th Cir. 2024) (citation omitted). Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted).

1. The ALJ articulated "specific, clear and convincing reasons" to discount Blanchard's testimony about the impact his symptoms had on his ability to sustain work activities. *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) (citation omitted). This Court has "made clear that an ALJ is not 'required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to' the Social Security Act." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (citation omitted). "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533

F.3d 1155, 1161 (9th Cir. 2008); *see also* 20 C.F.R. § 404.1529(c)(2), (c)(4). The ALJ agreed with Blanchard that his physical and mental conditions limited him to a range of sedentary work with little social interaction, but the ALJ declined to adopt all of Blanchard's subjective symptom testimony because it conflicted with the medical record, his work history, and his activity level. For example, the ALJ considered the fact that Blanchard continued to work for a year in a demanding position after the car accident. The ALJ further noted that though Blanchard could not return to his banking job, his ability to continue handling even some aspects of this highly demanding work discounted his allegations that he was incapable of less difficult work. And the ALJ also considered that Blanchard continued to handle household responsibilities, including providing transportation for his children, attending their extracurricular activities, and traveling.

More specifically, the ALJ reviewed evidence of Blanchard's cognitive impairment and found that the record showed he could perform simple work in a setting which required limited public interactions. The ALJ found that contrary to Blanchard's claims, his physical symptoms, such as pain, were relatively stable and had improved, such that he could perform sedentary work within prescribed limits. The ALJ found that collectively these facts "contradict[ed] claims of a totally debilitating impairment." *Smartt*, 53 F.4th at 499 (citation omitted). Because the ALJ identified reasons "sufficiently specific to allow [this] court to

conclude [the ALJ] . . . did not 'arbitrarily discredit [Blanchard's] testimony,'" we affirm the ALJ's discrediting of Blanchard's testimony. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (*en banc*) (citation omitted).

2. Substantial evidence supports the ALJ's consideration of the medical opinions. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Where conflicting medical evidence is "susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Several doctors opined on Blanchard's condition and came to varying conclusions. One doctor concluded Blanchard could do work that involved frequent lifting and standing while others concluded he could only do work involving lighter exertion and without public interaction. Still others concluded he could not consistently work full time at all. By finding that Blanchard could conduct sedentary work with limited social interaction, the ALJ weighed these competing opinions, determining which opinions were most consistent with the overall record. The ALJ discounted three medical sources which found Blanchard could not work full time, because those opinions were less thorough, lacked citations to evidence from the relevant time frame, and conflicted with the rest of the record. We affirm the ALJ's weighing of the opinions and the finding that Blanchard could complete sedentary work with limited social interaction because the ALJ's finding is supported by substantial evidence.

4

3. Substantial evidence supports the ALJ's finding that there were a significant number of jobs in the national economy that Blanchard could perform given his age, work experience, and residual functional capacity. He was accordingly found not "disabled" under the Social Security Act. 20 C.F.R. § 404.1560(c). The ALJ relied on testimony from Dr. Erin Martz, a vocational expert with a doctorate in rehabilitation research. Dr. Martz relied on data from the U.S. Bureau of Labor Statistics to conclude that 48,000 jobs, spread across several representative occupations, existed in the national economy that Blanchard could perform even with his limitations. The ALJ did not discuss conclusions from Todd Gendreau, a vocational consultant whose set of interrogatory answers Blanchard offered after the hearing. But the ALJ need only discuss "significant probative" evidence. *Wischmann v. Kijakazi*, 68 F.4th 498, 506 (9th Cir. 2023); *accord Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1193−94 (9th Cir. 2022). Gendreau's interrogatory answers were not "significant probative" evidence; they focused on local job posting websites, not the data source or methodology used by the vocational expert. *See Wischmann*, 68 F.4th at 505–07 (explaining that an ALJ may find evidence not significant or probative where the witness uses substantially different methodology than the vocational expert). A conclusion drawn from job posting websites is also irrelevant to the ALJ's analysis. *See* 20 C.F.R. §

404.1566(c). The ALJ did not err by declining to consider Gendreau's evidence significant and probative.

**AFFIRMED**.